IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LEE A. MELLAND,<br><br>          Plaintiff,<br><br>v.<br><br>JANET NAPOLITANO, SECRETARY,<br>DEPARTMENT OF HOMELAND<br>SECURITY, TRANSPORTATION<br>SECURITY ADMINISTRATION,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case Number 10-cv-00804-bbc<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PROTECTIVE ORDER PERTAINING TO
## SENSITIVE SECURITY INFORMATION

It is hereby ordered that the following Protective Order be entered in accordance with Rule 26(c) of the Federal Rules of Civil Procedure and shall hereafter govern the use, handling, and disposition of information, testimony or documents obtained during discovery in the above captioned matter ("the Litigation"), which constitutes Sensitive Security Information ("SSI") as defined by 49 C.F.R. Part 1520.

1.    SSI is a specific category of information that requires protection against unauthorized disclosure pursuant to 49 U.S.C. § 114(r) and 49 C.F.R. Part 1520. Unauthorized disclosure of SSI may be detrimental to the security of transportation, may constitute an unwarranted invasion of personal privacy, or may reveal a trade secret or privileged or confidential commercial or financial information.  Unauthorized disclosure may also result in a civil enforcement penalty or other enforcement action by

the Transportation Security Administration ("TSA") against the party making the
unauthorized disclosure. 49 C.F.R. § 1520.17.

2.      Access to SSI is limited to "covered persons" with a "need to know" as set
forth in 49 C.F.R. § 1520.7 and § 1520.11. Because the parties, their attorneys, the Court
and its employees are "covered persons" "with a need to know" the SSI relevant to this
case, this order permits the sharing through discovery in this civil action of relevant
information and materials that are marked as SSI or may contain SSI, provided that
Plaintiff had access to such information during her employment with TSA. The right of
access to discovery materials marked as SSI or containing SSI shall be limited to the
Court and its employees, Plaintiff, and counsel for the parties, paralegal, secretarial and
clerical personnel in their employ. Court reporters retained by the parties for purposes
recording depositions and who have signed a TSA-approved Non-Disclosure
Agreement may also have access to SSI.

3.      Discovery Material encompassed in this protective order includes,
without limitation, deposition testimony, deposition exhibits, interrogatory responses,
admissions, affidavits, declarations, documents produced pursuant to compulsory
process or voluntarily in lieu of process, and any other documents or information
produced or given to one party by another party or by a third party in connection with
discovery in this matter. Information taken from Discovery Material that reveals its
substance shall also be considered Discovery Material.

4.      "Covered persons" have an express duty to protect against the
unauthorized disclosure of SSI. 49 C.F.R. § 1520.9. SSI must be safeguarded in such a

2

way that it is not physically or visually accessible to persons who do not have a "need to know," as defined in 49 C.F.R. § 1520.11. When unattended, SSI must be secured in a locked container or office, or other restricted access area.

5.      Documents that contain SSI may not be further disseminated to persons without a "need to know" except with written permission from TSA. SSI must not be disclosed by either party to any person or entity other than those enumerated in paragraph two.

6.      All documents subject to this Order shall be marked as follows: "Confidential: Subject to SSI Protective Order in Melland v. Napolitano, Civ. Action No. 10-cv-804 (W.D. Wis.)." Documents containing SSI that inadvertently have not been marked as SSI still must be safeguarded against unauthorized disclosure.

7.      Documents that are marked SSI or, though not marked, contain SSI, shall be treated as confidential and shall not be published or made available to the general public in any form (whether in paper or electronic form), but instead shall be filed under seal. Material filed under seal will be available only to the persons enumerated in paragraph two.

8.      Deposition testimony that may contain SSI should be so designated by verbal notice or written notice within 10 days of receipt of the transcript. However, testimony containing SSI that is not designated, through mistake, nonetheless must be safeguarded against unauthorized disclosure.

3

9.      All hearings, or portions thereof, in which SSI may be disclosed, always shall be closed to the public.  If there is a possibility that SSI may be disclosed at trial, the courtroom shall be closed to the public.

10.     Plaintiff and Plaintiff's counsel may use SSI disclosed to them in this Litigation only for the purposes of the Litigation.  SSI may not be further disseminated, including to a jury, except with written permission from TSA.

12.     All documents subject to this Order in the possession of Plaintiff or Plaintiff's counsel shall be returned to TSA within 60 days of termination of this litigation, including any appellate proceedings, or shall be certified in writing to TSA to have been destroyed by Plaintiff or Plaintiff's counsel.

13.     Nothing in this Order shall preclude any disclosure of documents subject to this Order to any Judge, Magistrate, or employee of the Court for purposes of this action.

14.     This Order is without prejudice to the rights of any party to make any objection to discovery or use of SSI, or documents that may contain SSI, permitted by the Federal Rules of Civil Procedure, or any statute, regulation, or other authority.

Dated this ___/6ᵗʰ___ day of June, 2011.

Barbara B. Crabb
HONORABLE BARBARA B. CRABB

4