IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LEE A. MELLAND,<br><br>               Plaintiff,<br><br>v.<br><br>JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, TRANSPORTATION SECURITY ADMINISTRATION,<br><br>               Defendant. | Case No. 10-cv-00804-bbc |

**PRIVACY ACT PROTECTIVE ORDER**

Upon consideration of the Joint Motion for a Privacy Act Protective Order, and pursuant to 5 U.S.C. § 552a(b)(11),

IT IS HEREBY ORDERED that Defendant is authorized to release to Plaintiff records containing information protected from disclosure by the Privacy Act of 1974, 5 U.S.C. § 552a, *et seq* ("Privacy Act"), without obtaining prior written consent of the individuals to whom the records pertain. Such disclosure is subject to the following conditions:

    1.    For purposes of this Order, the term "record" shall have the same meaning as set forth in the Privacy Act, 5 U.S.C. § 552a(a)(4). This Order applies to government records or information contained in government records that are subject to the Privacy Act only and does not create greater or lesser rights or obligations than

those contained in the Privacy Act. Summaries, statistical compilations, or other summary records that do not contain information to identify specific individuals (whether by name, social security number, symbol, or other form of personal identification), and which themselves are not subject to the Privacy Act, are not covered by this Order.

    2.    Government records subject to the Privacy Act shall be designated "PRIVACY ACT CONFIDENTIAL" or contain a similar marking. For any government records, such as computer data, whose medium makes such stamping impracticable, the CD or DVD and accompanying cover letter shall be designated "PRIVACY ACT CONFIDENTIAL" or contain a similar marking. Answers to interrogatories, if any, that contain protected information derived from records subject to the Privacy Act also shall be designated "PRIVACY ACT CONFIDENTIAL" or contain a similar marking. Except as provided herein, no person having access to the records or information designated as subject to this Order shall make public disclosure of those records or that information without further Order of the Court. Use of such records is subject to the provisions of this Order.

    3.    Any government records or information produced by Defendant that are designated as subject to this Order shall be used by Plaintiff or her representative(s) only for purposes of litigating this suit, including any subsequent appeal, and shall not be disclosed by Plaintiff or her representative(s) to the public or any other person or entity for any reason other than for purposes of litigating this suit, including any

subsequent appeal.

4. Except as otherwise ordered by this Court, any government records or information produced by Defendant that are designated as subject to this Order may be disclosed only to the following persons: (a) parties and counsel for the parties in this action; (b) partners, associates, secretaries, paralegal, legal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in these consolidated cases; (c) persons retained by the parties or their counsel to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this suit; (d) persons with factual knowledge relating to this case who may be called as witnesses at any hearing, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this suit; and (e) any deponent in the case during his or her deposition. Should Plaintiff or her counsel wish to disclose government records or information produced by Defendant that are designated as subject to this Order to any persons other than those indicated in this paragraph, Plaintiff's counsel must obtain Defendant's consent. If the Defendant does not consent to disclosure, then Plaintiff may, on motion, seek modification of this Order from the Court.

5. All individuals to whom government records or information produced by Defendant that are designated as subject to this Order are disclosed shall be informed of and shall agree with the terms of this Order and shall not otherwise disclose the government records or information produced by Defendant that are

designated as subject to this Order to the public or to any person or entity, and shall acknowledge their agreement to comply with the provisions of this Order by signing a copy of the attached acknowledgment form. Counsel for the respective party will retain copies of the acknowledgment forms until such time as this suit, including any appeal, is concluded.

6. Plaintiff may challenge Defendant's designation of a record or information under paragraph 2 of this Order by moving the Court to determine whether the record or information is subject to the Privacy Act.

7. Unless the Court has previously ruled that a record or information is not subject to the Privacy Act, government records or information produced by Defendant that are designated as subject to this Order may be presented to the Court only under seal. Should any party seek to use any government records or information produced by Defendant that are designated as subject to this Order in open Court or at trial, orally or through documents, including trial exhibits, or seek to file such records or information as part of a public filing not under seal (*e.g.*, a pleading, motion, exhibit or expert report), the party must first seek an Order from the Court ruling that the information is relevant, is otherwise admissible (if applicable), and may be publicly disclosed with proper redaction.

8. Any government records or information produced by Defendant that are designated as subject to this Order must be returned by Plaintiff or other receiving party authorized under paragraph 4 of this Order to Defendant upon the conclusion of

this suit, including any subsequent appeal. Within thirty days of the conclusion of this suit, and any subsequent appeal, Plaintiff and any other person receiving any government records or information produced by Defendant that are designated as subject to this Order must declare subject to 28 U.S.C. 1746 that all such records and information, all copies thereof, and all have been returned to Defendant.

9. Neither the United States, the Department of Justice or the Department of Homeland Security, Transportation Security Administration, nor any of their respective officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure or use by Plaintiff or any other person identified in paragraph 4 of any government records or information produced by Defendant that are designated as subject to this Order.

10. This Order does not constitute any ruling on the question of whether any particular record or category of information is properly discoverable, and does not constitute any ruling on any potential objection to the discover ability, relevance, or admissibility of any record.

11. This Order does not apply to any information or records other than information or records that are subject to the Privacy Act, and the terms and conditions set forth herein shall not apply to the disclosure of any information subject to a claim of privilege or work-product.

12. Nothing in this Order shall prevent any party from seeking modification of this Order by motion.

13. The failure to designate government records or information as provided in paragraph 2 of this Order shall not constitute a waiver of Defendant's later designation of such records or information as subject to the provisions of this Order or a waiver of Defendant's assertion that such information or records are subject to the Privacy Act.

IT IS SO ORDERED this 7th day of OCTOBER, 2011.

STEPHEN L. CROCKER
United States Magistrate Judge